# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | Jointly Administered Under |
| CANADIAN RIVER RANCH, LLC | § | Case No. 21-60162-rbk |
| Debtors | § | |
| | § | |

| | | |
|---|---|---|
| DARYL GREG SMITH | § | |
| Appellant | § | |
| | § | |
| v. | § | **Civil Action No. 6:21-cv-01244** |
| | § | |
| | § | |
| GREGORY S. MILLIGAN, | § | |
| CHAPTER 11 TRUSTEE FOR | § | |
| DARYL GREG SMITH AND | § | |
| CANADIAN RIVER RANCH, LLC, | § | |
| Appellee | § | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is ECF No. 34: Appellee Greg Milligan, Chapter 11 Trustee for the Bankruptcy Estates of Daryl Greg Smith and Canadian River Ranch, LLC's ("the Trustee's") Motion to Dismiss Appeal. After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the Trustee's Motion to Dismiss with Prejudice (ECF No. 34) be **GRANTED**.

1

## I. FACTUAL BACKGROUND

This is an appeal taken by Daryl Greg Smith, a debtor in United States Bankruptcy Court for the Western District of Texas chapter 11 Case No. 21-60162-RBK. Appellant is challenging the factual finding of the bankruptcy court that the value of his 90% interest in Caddoa Creek Ranch, LLC ("Caddoa") exceeds the "wildcard" exemption limit under 11 U.S.C § 522(d)(5), and approving an amendment to the Caddoa Operating Agreement appointing the Trustee as the manager of Caddoa. ECF No. 34 ¶ 10.[1] The Bankruptcy Court's orders have been effective throughout the time period that this appeal has taken placed. The Trustee, as Chapter 11 Trustee and as manager of Caddoa under the Bankruptcy Court's orders, has continued to work diligently to administer the Chapter 11 Cases and maximize the value of the estate. *Id.* ¶ 24. Among the Trustee's actions were the necessary actions to dissolve Caddoa under Colorado law. *Id.* ¶ 24–25. Trustee filed its Motion to Dismiss on May 19, 2023. *Id.* K. Smith, an appellee in this case, filed a response joining and supporting the Trustee's Motion. ECF No. 36.

## II. LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A court's alleged lack of subject-matter jurisdiction generally may be raised at any time in the same civil action, either in the answer or in the form of a suggestion to the court before a final judgment. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed" as moot and failing the Article III requirement that there be a live case or controversy. *In re Highland Capital*

---

[1] 11 U.S.C § 522(d)(5) provides that a debtor may claim, as exempt, a certain an interest in any property.

*Mgmt., L.P.*, No. 21-cv-3129, 2022 WL 2193000, at \*2 (N.D. Tex. June 17, 2022) (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)).

## III. DISCUSSION

Trustee argues that the Court lacks subject matter jurisdiction over this case because Caddoa is no longer an existing asset which could be exempt under the wild card amount. Further, this Court is unable to provide relief from amendments to the Caddoa Operating Agreement affecting management structure, because the entity governed by the operating agreement no longer exists. ECF No. 34 ¶ 32. Trustee argues there is no relief Appellant is seeking in this case that can be carried into effect in light of Caddoa's dissolution. *Id.* ¶ 33.

To date there has been no opposition to the Trustee's Motion. The Trustee's Motion has been pending on the docket for several months. During that time, Appellant Smith has failed to respond in any way. As well over fourteen days have passed since the filing of the Trustee's Motion, this Court may grant the Motion as unopposed. *See* W.D. Tex. Loc. R. CV-7(d)(2).

The Court agrees with Trustee that the Motion to Dismiss with Prejudice for lack of subject matter jurisdiction should be granted. Caddoa's dissolution has mooted the relief sought by Appellant and, thus, this case. Neither Debtors nor Appellant filed a response in opposition to Trustee's motion within the time period prescribed by the Local Rules; thus, the Court may grant the Motion as unopposed. W.D. Tex. Loc. R. CV-7(d)(2).

## IV. RECOMMENDATION

For these reasons, the Court **RECOMMENDS** that the Trustee's Motion to Dismiss with Prejudice (ECF No. 34) be **GRANTED**.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**IT IS SO ORDERED.**

**SIGNED** this <u>28th</u> day of <u>February</u>, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE